On the Merits
Our learned brother below, after reviewing all of the evidence, concluded that the defendant was negligent in attempting to make a left turn into the path of the plaintiff’s approaching automobile and in failing to maintain a proper lookout, and that this negligence was the sole proximate cause of the accident. There was no contributory negligence found upon the part of the driver of the Mahaffey vehicle. A review of the record leads us to the same conclusion. In fact the defendant-appellant, in his brief, does not quarrel with this finding but merely raises the issue of whether the award to James Mahaffey in the sum of $2,500 for his personal injuries was not excessive.
In the accident James M. Mahaffey suffered a compound fracture of the right patella, a deep laceration of the forehead and contusions of the head, abdomen and chest. Also the lower muscles of his abdomen were strained. He was taken to a hospital where he remained for a period of eight or nine days, then returned to his home, where he remained until recovered. At the hospital the wounds on the forehead and right knee were cleaned and sutured. Approximately one week after this the right leg was placed in a plaster cast, where it remained for approximately 10 weeks. After its removal crutches were used for approximately 6 weeks. On October 8, 1958 James Mahaffey was discharged as being fully recovered and able to return to work. The medical testimony reflects that a period of some 8 to 10 months from and after the date of the accident would be required before the injured knee would become completely symptom free and as usable and strong as before the accident. Plaintiff, James Mahaf-fey, has fully recovered from all of the injuries and according to the expert testimony no residual disability will result from the knee injury. The injury to the forehead was healed at the time of the trial and ordinarily it would not be noticed, ac *166 cording to the conclusions of the lower court. The physician who treated Mahaf-fey testified he suffered considerable pain while in the hospital during the first three days and some pain thereafter for a period of about three and one half months. Also, after the plaster cast was removed the medical evidence was to the effect there would be some pain, discomfort and soreness for a short time. The claim for loss of wages, as found by the lower court, was not borne out by the evidence.
Plaintiff James M. Mahaffey, after reaching majority, paid two hospital bills amounting to $30. The trial court awarded $2,500 to James M. Mahaffey for his personal injuries and the $30 hospital bills, making a total of $2,530 to this plaintiff. The hospital bills were amply proven and the only question as to this plaintiff is whether the award of $2,500 for the personal injuries suffered was excessive.
The defendant cites numerous cases in support of his contention that the award of $2,500 for personal injuries should be reduced to $1,500. As we have often said, in the award for personal injuries each case must rest upon its own facts. The injuries received in each of the cases cited by both counsel can be distinguished from the injuries received by the plaintiff here. The lower court had the opportunity of observing the plaintiff and heard all of the testimony concerning the extent of his injuries and the extent and duration of the pain suffered by him. The appellee has not answered the appeal, and we feel the award of $2,500 for the personal injuries, coupled with the pain and suffering, is justified by the evidence.
Plaintiff, Amos Mahaffey, paid proven medical expenses in the amount of $249.50, which, together with the value of his automobile, $910.50, made a total award to this plaintiff of $1,160. Considering the exception was correctly overruled, this is a proper award.
The judgment of the district court is affirmed.